**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JIMMY MURRELL, and DEBBIE | § | |
| MURRELL | § | |
|     Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2-07-CV-003 (TJW) |
| v. | § | |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY A/K/A METLIFE, | § | |
|     Defendant. | | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

The defendant's Motion for Summary Judgment and Brief (#21) (the "Motion") is before the court. For the following reasons, the court GRANTS the Motion. Defendant seeks summary judgment arguing ERISA preempts any state law claims, the relevant statute of limitations bars the claims, and Mrs. Murrell lacks standing. The plaintiff concedes the preemption issue, and because the court finds that the claims are barred by any applicable statute of limitations, the court does not address the standing issue, as it is moot.

**I.      INTRODUCTION AND UNDISPUTED FACTS**

On or about June 19, 1989 Plaintiff Jimmy Murrell ("Murrell") sustained an injury while employed by Texas & Northern Railway Co. Murrell participated in the Lone Star Technologies Group Long Term Disability Insurance plan ("the plan"). The plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). Murrell applied for benefits under the plan in October of 1990, and those benefits were approved effective December 17, 1990. Murrell also received a settlement under the Federal Employers Liability Act, 45 U.S.C. § 51 ("FELA"). Murrell's attorney was notified by letter dated April 12, 1991, that Murrell's benefits under the plan would be offset by $748.51 as a result of the FELA settlement.

Subsequently, in addition to the FELA settlement and plan benefits, Murrell began receiving Railroad Retirement benefits.  MetLife alleges that under the plan, these payments are also an offset to the disability payments.  MetLife requested information from Murrell regarding the retirement payments three times with no response from Murrell. MetLife, therefore, suspended Murrell's disability payments effective June 1, 1997.  MetLife sent Murrell's attorney a letter dated December 18, 1997 notifying him that in order to reactivate Murrell's benefits, MetLife must receive the information by January 15, 1998, and unless received they would be using an estimated award amount. On February 24, 1998, Murrell's attorney responded to MetLife's request acknowledging the suspension of benefits, and challenging the withholding of the $748.51 as wrongly classifying the FELA settlement as workers compensation.  MetLife treated this as untimely and did not reactivate the benefits.  Murrell filed this case on December 1, 2006, seeking to recover benefits under the plan.  This was more than nine years after the last monthly benefit payment to Murrell, and more than fifteen years after the allegedly wrongful offset of the monthly payments commenced.

## II.    APPLICABLE LAW

Summary judgment should be rendered "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The evidence and pleadings must be viewed in the light most favorable to the party opposing summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Summary judgment is proper in a case where there is no genuine issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 322 (1986).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between

the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-248 (1986)(emphasis in original).

The substantive law identifies material facts; disputes over facts that are irrelevant or unnecessary will not be defeat a motion for summary judgment. *Id.* at 248. A "genuine" dispute about a material fact means that the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*


**III. ANALYSIS**

MetLife raises the affirmative defense that any claims are barred by a contractual limitations period, and alternatively any applicable statute of limitations. First, the Summary Plan Description states that "[n]o law suit may be started more than 3 years after the time proof must be given." Additionally, the Certificate of Insurance provides that "[n]o lawsuits to recover under this policy may be filed . . . more than three years after proof of loss must be filed." MetLife urges this contractual limitation period bars the claim.

Alternatively, MetLife argues the claim is barred by the applicable statue of limitations. ERISA does not provide a statute of limitations. Instead, courts apply state law principles of limitation. *Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005). When an ERISA governed plan designates a shorter period of time, such as the case with the contractual three year limitation period in this case, the lesser limitations schedule governs if it is reasonable. *See, e.g., Dye v. Associates First Capital Corp. Long-Term Disability Plan,* 2007 WL 1725528, *2 (5th Cir. June 14, 2007); *Northlake Reg'l Med.*

*Ctr. v. Waffle House Sys. Employee Benefit Plan,* 160 F.3d 1301, 1303-04 (11th Cir.1998); *Doe v.*

*Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 874-75 (7th Cir.1997).  MetLife argues

that the three year contractual limitation period is reasonable and enforceable.  It is not necessary to

determine if the three year limitations period under the contract is reasonable, however, because

using the applicable state statute of limitations—four years—will yield the same result.[1]  When this

lawsuit was filed, more than nine years had passed since the MetLife made the last monthly benefit

payment to Murrell, and more than fifteen years after the MetLife allegedly wrongfully offset of the

monthly payments.

MetLife's records show that the benefits were terminated June 1, 1997.  MetLife argues,

however, that the December 18th letter to Murrell's attorney giving a deadline for the proof required

to reactivate his payments was sufficient to trigger any  limitations period.  Murrell's only defense

to the statute of limitations bar is that no statute of limitations period was triggered since there was

no "formal letter" of termination of benefits.  Additionally, Murrell argues that the contractual period

of limitations does not apply to miscalculations, but initial attempts to obtain benefits. Indeed

Murrell argues there was continuing communication between he and MetLife regarding the

appropriate amount of benefits. What Murrell fails to address is the fact that the last communication

to or from Murrell or MetLife regarding the benefits was April 27, 1998.  Murrell does not explain

why he failed to bring this lawsuit until nine years after receiving his last benefit payment from

MetLife.  Murrell does not contest that the benefits were terminated, only that the statute period was

---

[1]It is undisputed that because benefits under an ERISA-governed plan sounds in contract, the applicable Texas statute of limitations is four years.  *See Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005); *Hogan v. Kraft Foods,* 969 F.2d 142, 145 (5th Cir. 1992).

4

never triggered since they were never given a "formal letter."

To determine when a statute of limitations period is triggered, the court must look to when the cause of action arose. Typically, a cause of action arises under ERISA when the claim for benefits is denied. *Hall v. Nat'l Gypsum Co.,* 105 F.3d 225, 230 (5th Cir.1997) (citing *Hogan v. Kraft Foods,* 969 F.2d 142, 145 (5th Cir.1992)); *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.,* 637 F.2d 357 (5th Cir.1981). In *Hall,* the court concluded that a letter stating that the applicant had failed to provide the proper statement of disability, which was needed to reconsider his request for benefits, was not sufficient to be an actual denial. In *Hall*, there was ongoing correspondence between the provider and beneficiary until an actual letter from the insurance company unequivocally denying benefits. The *Hall* court found that it was this final letter that triggered the statute of limitations period. It did not, however, hold what a denial letter must specifically include to put the beneficiary on notice of denial, therefore triggering any relevant limitations period. It held that the letter in that case, under the facts of that case, was insufficient.

The Fifth Circuit has yet to decide when a cause of action accrues under ERISA for a claim based on an alleged miscalculation or repudiation of the benefit amount. Some circuits have held that formal denial is not necessary "when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiar[y]." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330-31 (3d Cir. 1998) (citing *Miles v. New York State Teamsters Conf. Pension & Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir.1983)); *see also Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 66 (7th Cir.1996) ("a cause of action accrues upon a clear and unequivocal repudiation of rights under the pension plan which has been made known to the beneficiary," even if such repudiation occurs prior to the beneficiary's submission of a formal claim);

5

*Schroeder v. Phillips Petroleum Co.*, 970 F.2d 419, 420 (8th Cir.1992) (per curiam) (agreeing with district court that cause of action accrued when beneficiaries were clearly aware that they would not receive benefits); *Martin v. Construction Laborer's Pension Trust,* 947 F.2d 1381, 1385 (9th Cir.1991) (cause of action accrues upon a "clear and continuing repudiation of [the beneficiary's] claim"); *Cotter v. Eastern Conference of Teamsters,* 898 F.2d 424, 429 (4th Cir. 1990) (absent a formal claim and a formal denial of the claim, a beneficiary's cause of action accrues at "the time at which some event other than a denial of a claim should have alerted [the beneficiary] to his entitlement to the benefits he did not receive").

Murrell requests that this court hold because MetLife failed to send him a letter formally denying his benefits, the statute of limitations period never began to run, regardless of whether he was on notice–which he clearly was.  The court declines to do so.  There is no genuine issue of material fact raised to controvert that Murrell was aware and on notice of the alleged wrongful offset and the termination of his benefits.  To the extent the injury in this case is the wrongful offset, there is no question that Murrell was aware of the injury when his attorney contested the offset on April 12, 1991.  Additionally, according to MetLife's records, the Murrell's benefits were terminated in June of 1997, and he did not receive any additional payments after June 1997.  To the extent  the alleged injury is a wrongful termination of benefits, Murrell was certainly aware of the denial by December of 2002, which would have to be the latest date possible to hold that a four year statute of limitations bars this claim filed on December 1, 2006.  Murrell was on sufficient notice of his denial of benefits and any possible wrongful offsets by December of 2002 to trigger the applicable statute of limitations period.  Murrell's cause of action to recover benefits under the plan accrued long before December 1, 2002.

**IV      CONCLUSION**

Because of the foregoing reasons, the court finds that there are no genuine issues of material fact that the applicable period of limitations was triggered, and the case is barred by the applicable statute of limitations.   The court, therefore, **GRANTS** the Motion and dismisses the case with prejudice.   The court **DENIES** all pending motions as moot.

SIGNED this 22ndday of August, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE